IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN M. RUSSELL                                                                           PLAINTIFF

V.                              NO. 11-5227

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, John M. Russell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff filed his applications for DIB and SSI in April of 2008, alleging disability since September 1, 2007,[1] due to "Depression/ptsd/paronoid[sic] schizophrinic[sic]/degenative[sic] disc disease/head trama[sic] from 97 truck accident causing stoke[sic]/pre-cancerous mole on leg which I burned off myself." (Tr. 10, 116, 120). An administrative hearing was held on March 19, 2010, at which Plaintiff appeared with counsel, and testified. (Tr. 291-305).

By written decision dated May 28, 2010, the ALJ found that during the relevant time

---

[1]Plaintiff amended his onset date at the hearing to July 26, 2004. (Tr. 293)

-1-

period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease and functional psychotic disorder. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift/carry 20 pounds and frequently 10 pounds. He can sit for 6 hours and can stand/walk for 6 hours. He can perform work in which interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote, with few variables and little judgment required. Supervision required is simple, direct, and concrete.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as routing clerk/package mail sorter; helpers production work - folder laundry; and assembly production. (Tr. 17-18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 29, 2011. (Tr. 4-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III. Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ's finding that Plaintiff was not disabled was not based upon substantial evidence; 2) The ALJ did not fully and fairly develop the record because he did not discuss the medical records from Dr. Salvador, Plaintiff's treating physician, and failed to given any weight to Nancy Williams, Plaintiff's on and off girlfriend since 2001; 3) The ALJ erred in disregarding the credibility of Plaintiff's subjective complaints; 4) The ALJ erred in regard to the weight given the opinions of Plaintiff's treating physicians; 5) The ALJ erred in determining Plaintiff's RFC; and 6) Plaintiff is presumptively disabled. (Doc. 9).

**A. Impairments**:

Plaintiff briefly and generally states that he has "debilitating back, hip, and knee pain, post traumatic stress disorder, psychotic disorder, depression, paranoid schizophrenia, and degenerative disc disease" and has a "long medical history that includes numerous admissions to the emergency room, regular visits to his treating physician, two inpatient psychiatric admissions, and treatment consisting of a variety of medications for both his physical and mental disorders." (Doc. 9 at p. 13).

As stated earlier, the Court has reviewed the entire transcript, containing medical records and evaluations, and finds substantial evidence supports the ALJ's impairment findings. With respect to Plaintiff's mental impairments, the ALJ engaged in the proper analysis and determined that Plaintiff's mental impairment did not meet or medically equal the criteria of listing 12.04. The ALJ stated that Plaintiff had only mild restriction in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence or pace. (Tr. 13). With respect to his physical impairments, as indicated in Defendant's extensive brief, the medical records support the ALJ's impairment findings.

Accordingly, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff's severe impairments consist of degenerative disc disease and functional psychotic disorder.

### B. Fully and Fairly Developing the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). As noted by Defendant, in determining whether the record is fully and fairly developed, the proper inquiry is whether there is sufficient evidence to make an informed

decision. Payton v. Shalala, 25 F.3d 684, 686 (8th Cir. 1994); Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989).

Plaintiff argues that the ALJ's opinion is devoid of any discussion of the records from Dr. Ester Salvador, a physician from Ozark Guidance Center. However, the only record Plaintiff presented from Dr. Ester Salvador is the Mental Residual Functional Capacity Assessment dated July 26, 2004, wherein Dr. Salvador indicated Plaintiff was "markedly limited" in six categories. (Tr. 271-272). Other than the check-marked boxes, Dr. Salvador gives a one paragraph summary at the end of the form wherein she sets forth Plaintiff's diagnoses, and then states: "Although there is a strong history of violence, Mr. Russell's reports indicate he works hard to take more appropriate actions when he gets angry or feels others are pushing him (walks away, verbalizes boundaries, or calls the police if needed)." (Tr. 273). Dr. Salvador also notes that Plaintiff had a history of childhood abuse and difficulties with coworkers. (Tr. 274). The ALJ expressly considered the July 26, 2004 form, and explained that he accorded it little weight because it was not well supported by any relevant medical records. (Tr. 10, 16). Dr. Salvador's check-marks on one form are not determinative. See Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001)(checklist format, generality, and incompleteness of the treating physicians' assessments limited their evidentiary value); Mason v. Shalala, 994 F.2d 1058, 1065 (3rd Cir. 1993)("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best"). Plaintiff had legal representation at the reconsideration level, the hearing level, and before the District Court level, up until after his brief was filed. However, the record itself is devoid of any treatment records from Dr. Salvador, and the ALJ had the additional evaluations and opinions of Dr. Terry L. Efird, Ph.D., who conducted a Mental Diagnostic

Evaluation on July 10, 2008 (Tr. 223-227); and Psychiatric Review Technique form and Mental RFC Assessment completed by non-examining consultant Dr. Kay M. Gale on July 25, 2008 (Tr. 247-259). As noted by Defendant, significantly, Plaintiff neither identified nor submitted additional evidence.

With respect to the letter submitted by Plaintiff's girlfriend, Nancy Williams, dated May 24, 2009, the ALJ stated that he reviewed the statement, which essentially corroborated Plaintiff's subjective complaints with regard to the alleged physical and mental impairments, but found that her statement added little to the evaluation of Plaintiff's allegations. (Tr. 16-17). The Court agrees and does not find Ms. Williams' statement to be helpful.

The Court finds that there was sufficient evidence for the ALJ to make an informed decision, and he did not err by failing to fully and fairly develop the record.

### C. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003)..

The ALJ, after carefully considering the evidence, found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with his RFC assessment. (Tr. 14).

With respect to Plaintiff's degenerative disc disease, in June of 2007, Plaintiff was noted to have full shoulder range of motion in all planes. (Tr. 217). On July 14, 2008, Dr. Randy Conover, who conducted a General Physical Examination, found everything to be within normal limits, Plaintiff's gait/coordination was stable, and he had 95% grip in both hands. (Tr. 229-231). Dr. Conover also diagnosed Plaintiff with osteoarthritis, but concluded that Plaintiff could handle, finger, see, hear and speak and had mild limitation in his ability to walk, stand, sit, lift, and carry, because he may be hindered secondary to the diagnosis. (Tr. 232). In his Physical RFC Assessment, Dr. Payne found Plaintiff was capable of performing medium work. (Tr. 237-244).

The ALJ also considered Plaintiff's daily activities, noting that Dr. Efird stated that Plaintiff endorsed the ability to drive unfamiliar routes, shop independently, and perform most activities of daily living satisfactorily. (Tr. 13). In addition, Plaintiff's ex-wife completed a Function Report on July 10, 2008, reporting that she had known Plaintiff for ten months, and that for three months, Plaintiff cut wood and worked around the house. (Tr. 171). She further reported that Plaintiff cooked well and loved to cook, cleaned, did household repairs, mowed, shopped in stores when he needed something, and visited and played pool two or three times a week. (Tr. 173-177).

Plaintiff testified that he took Tylenol PM to sleep and could not afford to go to a doctor to get any prescriptions or treatment. (Tr. 301). Failure to seek regular treatment or obtain pain

medication has been found to be inconsistent with complaints of disabling pain. Comstock v. Chater, 91 F.3d 1143, (8th Cir. 1996), citing Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987). The Court notes that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

The Court finds that there is substantial evidence to support the ALJ's credibility findings.

**D.    RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ determined that Plaintiff had the RFC to perform light work with limitations. In making this assessment, the ALJ considered Plaintiff's symptoms, the medical records, the observations of Plaintiff's examining and non-examining physicians, as well as the form completed by Dr. Salvador on July 26, 2004. He concluded that Dr. Salvador's opinion was not supported by the record, and concurred with the opinions of the state agency consultants who provided assessments at the initial and reconsideration levels. (Tr. 16-17). As indicated by Defendant in his brief, the ALJ's RFC determination is consistent with the treatment records, test results, examination reports, and the findings of the state agency medical consultants. Also, as indicated above, the ALJ was justified in giving little weight to Dr. Salvador's opinion, since there are no treatment records to support her opinion.

The Court finds that the ALJ gave the appropriate weight to each of the medical experts who evaluated Plaintiff's condition, both physically and mentally. The ALJ also considered Plaintiff's daily activities, his testimony and statements of friends, and the Court finds that there is substantial evidence to support the ALJ's RFC assessment.

    **E.**    **Whether Substantial Evidence Supports the ALJ's Findings:**

Plaintiff's argument on this issue lacks specificity. The Court, after reviewing the administrative record, and considering the Defendant's well-stated reasons set forth in his brief, finds that there is substantial evidence to support the ALJ's findings in this matter.

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should is affirmed. The Court further finds that the Plaintiff's Complaint should be dismissed

with prejudice.

   DATED this 5th day of September, 2012.

               /s/ *Erin L. Setser*
               HON. ERIN L. SETSER
               UNITED STATES MAGISTRATE JUDGE

-11-

**AO72A**
**(Rev. 8/82)**